LAW OFFICES OF SUSANA M. MAHADY, APC
Susana M. Mahady, Esq. (SBN 159442)
5190 Governor Drive, Ste. 108
San Diego CA 92122
Tele: (858) 526-3050
smahady@mahadylaw.com

Attorneys for Plaintiff
SAB-E-LEE, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAB-E-LEE, LLC, a California Limited Lability Company,<br><br>Plaintiffs,<br><br>v.<br><br>JOLIN LY, an individual; KEN LY, an individual; SAB-E-LEE THAI RESTAURANT, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No. **'23CV1652 RBM DEB**<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a);**<br><br>**(2) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a);**<br><br>**(3) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, ET SEQ; and**<br><br>**(4) UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SAB-E-LEE, LLC, a California Limited Liability Company ("Plaintiff") by and through its attorneys, alleges for its Complaint against Defendants JOLIN LY, an individual, KEN LY, an individual, SAB-E-LEE THAI RESTAURANT, INC., a California Corporation, and DOES 1-10, inclusive (collectively "Defendants"), states as follows:

///

1

**THE PARTIES**

1. Plaintiff SAB-E-LEE, LLC is a California limited liability company with a place of business in San Diego, California.

2. Upon information and belief, Defendant Jolin Ly is an individual who has represented herself as the owner, principal, and registered agent of SAB-E-LEE THAI RESTAURANT INC., residing at 9159 Mission Gorge Road, Santee, California 92071.

3. Upon information and belief, Defendant Ken Ly is an individual who has represented himself as the owner or principal of SAB-E-LEE THAI RESTAURANT, INC., residing at 2725 Vista Sereno Court, Lemon Grove, California 91945.

4. Upon information and belief, Defendant SAB-E-LEE THAI RESTAURANT, INC. is a California corporation with its principal place of business at 9159 Mission Gorge Road, Santee, California 92071.

5. The true names and capacities of Defendants identified as DOES 1 through 10, inclusive, and each of them, are presently unknown to Plaintiff. Plaintiffs will seek to amend this Complaint to set forth the true names and capacities of said fictitiously named Doe Defendants as they are discovered. Each of the Doe Defendants is responsible in some manner for the events and occurrences herein alleged, and Plaintiff's damages as herein alleged were directly and proximately caused by the conduct, acts, and omissions of said Doe Defendants. References herein to "Defendants" shall include DOE Defendants unless stated otherwise.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants Jolin Ly, Ken Ly, SAB-E-LEE THAI RESTAURANT, INC, and Does 1-10, inclusive, and each of them (collectively, "Defendants"), were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

**JURISDICTIONAL ALLEGATIONS**

7. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Personal jurisdiction in the Southern District of California is proper, because the Defendants have solicited and conducted business within the district, have advertised their restaurant services in the district, have communicated false and misleading statements to consumers in the district, and have created consumer confusion in the district by infringing on Plaintiff's trademark rights, and because Defendant SAB-E-LEE THAI RESTAURANT INC. maintains a registered agent for service of process in the district. In addition, Plaintiff is informed and believes, and on that basis alleges, that Defendants Jolin Ly and Ken Ly reside in and are doing business in the State of California and in this judicial district.

8. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c). Defendants reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL BACKGROUND**

**PLAINTIFF'S BUSINESS AND MARK**

9. Plaintiff has owned and operated two Thai restaurants under the name "Sab-E-Lee," including the Sab-E-Lee Thai Restaurant located in the Linda Vista neighborhood of San Diego, California since 2011 ("Sab-E-Lee Location One"), and "The Original Sab-E-Lee" located in the Rancho Penasquitos neighborhood of San Diego, California, a family owned and operated restaurant, since 2013 ("Sab-E-Lee Location Two" or "The Original Sab-E-Lee") (collectively the "Sab-E-Lee restaurants"). On or about June 2022, Plaintiff closed the Sab-E-Lee Location One and still owns and operates the Sab-E-Lee Location Two. Plaintiff has devoted

substantial time, effort, and resources in the operation and branding of the Sab-E-Lee restaurants. As a result, the Sab-E Lee restaurants have developed a large consumer following and have enjoyed a great reputation over the years, becoming a popular venue for families and the community to gather and host social events. The public has come to recognize and rely upon the Sab-E-Lee brand as an indication of high-quality Thai food.

10. Plaintiff owns U.S. Federal Trademark Registration No. 4,413,941, registered on October 8, 2013, for the word mark THE ORIGINAL SAB-E-LEE ("Registered Mark"), in International Class 43 for use with "Restaurant and Café Services, Restaurant Services," with a date of first use of May 1, 2008. A true and correct copy of this registration is attached as Exhibit A. A Section 8 renewal for the Registered Mark was accepted on December 21, 2018. The Registered Mark was declared incontestable on October 21, 2022. A Section 8 and 9 renewal for the Registered Mark was accepted on May 5, 2023.

**DEFENDANTS' BUSINESS AND UNAUTHORIZED USE OF THE REGISTERED MARK**

11. On or about August 2022, Defendants began operating a Thai restaurant in the City of Santee, in the County of San Diego, under the name "SAB-E-LEE", a near identical, confusingly similar name to the Registered Mark ("Infringing Restaurant"). The use of the name "SAB-E-LEE" has caused confusion among consumers, who believe Defendants' restaurant services originate with or are sponsored, approved by or otherwise affiliated with THE ORIGINAL SAB-E-LEE.

12. Since the inception of the Infringing Restaurant, Plaintiff has received and continues to receive multiple inquiries from confused customers, including but not limited to telephone calls who believe that Infringing Restaurant is associated with Plaintiff. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of the Registered Trademark or any variations thereof. Defendants' actions are willful and reflect an intent to confuse consumers and profit from the

1  goodwill and consumer recognition associated with Plaintiff's Registered Mark, as
2  well as unfairly compete in the marketplace. As a result, Plaintiff has and will
3  continue to be damaged by Defendants' actions.

4  13. When Plaintiff became aware of the foregoing infringing and anti-competitive actions, Plaintiff contacted Defendants numerous times to demand that they cease and desist use of the SAB-E-LEE THAI RESTAURANT, but they steadily ignored Plaintiff's efforts. As of the date of this Complaint, Defendants continue to use the Registered Trademark, and confusingly similar variations thereof, without authorization. Defendants' failure to comply with Plaintiff's demands demonstrates a deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the Registered Trademark.

## FIRST CAUSE OF ACTION

**(Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)**

14. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 13 of this Complaint as if fully restated herein.

15. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the Registered Trademark, and confusingly similar variations thereof, in commerce to advertise, promote, and market the Infringing Restaurant constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

16. Plaintiff's Registered Mark on the Principal Register is presumptive evidence of Plaintiff's exclusive right to use the Registered Mark, pursuant to the Lanham Act, 15 U.S.C. § 1115. The registration is incontestable, which provides further evidence of its validity, and Plaintiff's ownership of the mark and exclusive right to use the mark in commerce in connection with the services specified in the certificates of registration under 15 U.S.C. section 1115(b).

///

17. Defendants' wrongful use of Plaintiff's mark has caused and is likely to continue to cause damage to Plaintiff.

18. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of its trademark. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

19. The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. section 1117.

20. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## SECOND CAUSE OF ACTION

**(Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)**

21. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 20 of this Complaint as if fully restated herein.

22. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the Registered Trademark, and confusingly similar variations thereof, in commerce to advertise, promote, and market the Infringing Restaurant, and their knowledge, participation, and inducement thereof. Defendants have misrepresented the nature, characteristics and qualities of the Infringing Restaurant and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Infringing Restaurant somehow incorporates, or has the nature, characteristics, and/or qualities, of Plaintiff's THE ORIGINAL SAB-E-LEE restaurant, and as a result, Defendants' actions constitute

unfair competition and false advertising in violation of 15 U.S.C. §1125(a).

23. Consumers are likely to be misled and deceived by Defendants' misrepresentations.

24. Defendants knew or should have known that these misrepresentations were false or likely to mislead consumers.

25. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

26. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants, as well as recovery of the costs of this action.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION
**(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq. against all Defendants)**

27. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 26 of this Complaint as if fully restated herein.

28. Defendants violated Business and Professions Code ("B&P") § 17200, also known as the Unfair Competition Law ("UCL"), by engaging in unlawful, unfair, and fraudulent business acts and practices to the detriment of the general public.  Plaintiff brings this action for itself, and as a representative action on behalf of the general public pursuant to C.C.P. § 382 and B&P § 17204.

///

29. Defendants have committed: unlawful acts as described hereinabove; unfair acts that offend established public policies including, but not limited to, those reflected by the Lanham Act; and fraudulent acts as pled hereinabove by, inter alia, misappropriating and/or employing a nearly identical or confusingly similar trade name and infringing on Plaintiff's trademark.

30. Defendants' acts are unlawful and/or unfair under the UCL because Defendants' use of the Infringing Restaurant and confusingly similar mark in California is likely to confuse consumers as to the source, origin, or affiliation of Defendants' restaurant, to misrepresent the nature, characteristics and qualities of Defendants' restaurant and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Defendants' restaurant somehow incorporates, or has the nature, characteristics, and/or qualities, of Plaintiff's THE ORIGINAL SAB-E-LEE restaurant.

31. Said unlawful, unfair, and fraudulent acts, and others, allow Defendants an unfair advantage over their respective competitors who obey the law and engage in fair competition, are likely to deceive the general public, and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers and the general public. Said unlawful, unfair, and fraudulent acts, and others, are ongoing and will continue unless enjoined by this Court.

32. Defendants' acts of unfair competition in the State of California have caused Plaintiff irreparable injury. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's Registered Trademark, and injury to Plaintiff's reputation that cannot be remedied through damages alone, and Plaintiff has no adequate remedies at law. Plaintiff is entitled to a permanent injunction restraining and enjoining Defendants and their agents, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the

Registered Trademark or any confusingly similar variation thereof (including SAB-E-LEE).

33. Plaintiff will further seek appointment of a receiver, disgorgement, and/or restoration of money and/or property acquired by means of such unfair competition, as well as reasonable attorney's fees under C.C.P. § 1021.5 and the common fund and/or substantial benefit doctrines.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

34. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 33 of this Complaint as if fully restated herein.

35. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to be proven at trial.

36. Defendants' retention of monies gained through its deceptive business practices, infringements, acts of counterfeit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.*; California Business and Professions Code §§ 17200 and 17500 *et seq.*; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

   1. using the Registered Mark, or any mark confusingly similar to the Registered Mark, in connection with the Infringing Restaurant and with any other Restaurant or Café Services;

   2. directly or indirectly engaging in false advertising in connection with the Infringing Restaurant and with any other Restaurant or Café Services;

B.   That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff by their unauthorized use of the Registered Trademark, and confusingly similar variations thereof, in commerce to advertise, promote, and market the Infringing Restaurant, and their knowledge, participation, and inducement thereof.  Defendants have misrepresented the nature, characteristics and qualities of the Infringing Restaurant and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Infringing Restaurant somehow incorporates, or has the nature, characteristics, and/or qualities, of Plaintiff's THE ORIGINAL SAB-E-LEE restaurant;

C.   That Defendants be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.;

D.   That Defendants be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

E.   That Defendants shall file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraph (A) above.

F.   That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' misrepresentations;

G.   That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

H.   That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

1    I.    That Plaintiff be awarded damages in an amount sufficient to
2 compensate it for the damage caused by Defendants' unfair competition and false
3 advertising under California Business and Professions Code §§ 17200 and 17500 *et*
4 *seq*.;
5    J.    That Plaintiff be granted prejudgment and post judgment interest;
6    K.    That Plaintiff be granted costs associated with the prosecution of this
7 action; and
8    L.    That Plaintiff be granted such further relief as the Court may deem just.

|  |  |
|---|---|
|  | LAW OFFICES OF SUSANA M. MAHADY APC |
| Dated: September 7, 2023 | By: /s/ Susana M. Mahady<br>Susana M. Mahady, Esq.<br>Attorney for Plaintiff |

**EXHIBIT A**

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-03-24 15:22:29 EDT |
| **Mark:** | THE ORIGINAL SAB-E-LEE |

*The Original SAB-E-LEE*

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85841761 | **Application Filing Date:** | Feb. 06, 2013 |
| **US Registration Number:** | 4413941 | **Registration Date:** | Oct. 08, 2013 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | No |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

| | | |
|---|---|---|
| **TM5 Common Status Descriptor:** |  | LIVE/REGISTRATION/Issued and Active<br>The trademark application has been registered with the Office |

| | |
|---|---|
| **Status:** | A Section 8 declaration has been accepted. |
| **Status Date:** | Dec. 21, 2018 |
| **Publication Date:** | Jul. 23, 2013 |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | THE ORIGINAL SAB-E-LEE |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |
| **Translation:** | The English translation of "SAB-E-LEE" in the mark is "Delicious". |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Restaurant and cafe services; Restaurant services | | |
| **International Class(es):** | 043 - Primary Class | **U.S Class(es):** | 100, 101 |

|  |  |  |  |
|---|---|---|---|
| Class Status: | ACTIVE | | |
| Basis: | 1(a) | | |
| First Use: | May 01, 2008 | Use in Commerce: | May 01, 2008 |

## Basis Information (Case Level)

|  |  |  |  |
|---|---|---|---|
| Filed Use: | Yes | Currently Use: | Yes |
| Filed ITU: | No | Currently ITU: | No |
| Filed 44D: | No | Currently 44E: | No |
| Filed 44E: | No | Currently 66A: | No |
| Filed 66A: | No | Currently No Basis: | No |
| Filed No Basis: | No | | |

## Current Owner(s) Information

|  |  |  |  |
|---|---|---|---|
| Owner Name: | SAB-E-LEE "LLC" | | |
| Owner Address: | PO Box 720981<br>San Diego, CALIFORNIA UNITED STATES 92172 | | |
| Legal Entity Type: | LIMITED LIABILITY COMPANY | State or Country Where Organized: | CALIFORNIA |

## Attorney/Correspondence Information

## Prosecution History

## TM Staff and Location Information

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load